S:\2009-EDCA\Westerfield\Westerfield.090403.IFP order final.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,

    Plaintiff,                 No. 2:08-CV-1970-RCF

   vs.

M.T.A. SPINKS, et al.,

    Defendants.
_____/     ORDER DENYING IN FORMA PAUPERIS

                                             PETITION WITHOUT PREJUDICE

    Plaintiff, a prisoner proceeding pro se, seeks to bring this civil action in forma pauperis, asserting claims under 42 U.S.C. § 1983. As explained below, the court must deny plaintiff's petition because the inmate account statement that he submitted does not include information for the six-month period *immediately* preceding August 21, 2008, the date that he filed his complaint. If plaintiff wishes to proceed with this case, he must, within 30 days from the date of this order, file a new application to proceed in forma pauperis that includes this information.

    A federal statute, 28 U.S.C. § 1915(a), sets forth certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under 28 U.S.C. § 1915, a prisoner who brings a civil action in forma pauperis must, over time, pay a $350 filing fee. In

1

order for the court to determine how the prisoner must pay this fee, the prisoner must submit a certified copy of his inmate account statement for the six-month period *immediately* preceding the date that the prisoner filed his complaint. *See* § 1915(a)(2). If the court grants the prisoner's petition, the court must, based on the information in the inmate account statement, "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." § 1915(b)(1).

In this case, plaintiff has submitted an inmate account statement only for the period of December 1, 2007 through June 20, 2008. The court will therefore deny plaintiff's petition to proceed in forma pauperis without prejudice to resubmission. If, within 30 days from the date of this order, plaintiff submits a new, completed application to proceed in forma pauperis, including a certified copy of his inmate account statement showing his funds for the period of February 21, 2008 through August 21, 2008, the court will grant his petition, and thereby obligate plaintiff to pay a $350 filing fee. If, by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

In order for the petitioner to decide whether to submit a new petition and proceed with the case, the court will address what an inmate must show in a complaint in order to state a proper claim. First, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Plaintiff must show that each defendant named in the complaint committed conduct which deprived plaintiff of a federal right. *See Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007).

In order to show a violation of the Fourteenth Amendment, a prisoner must show that

prison officials treated him "in a fashion so brutal and offensive to human dignity as to shock the conscience." *Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997) (internal quotation marks omitted). Plaintiff does not describe specific events giving rise to his Fourteenth Amendment claims, and only states generally that prison employees falsified evidence and records and destroyed or gave away his personal property. In order to violate a prison inmate's liberty interest under the Fourteenth Amendment, an action by prison officials must be an "atypical, significant deprivation." *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that placing a prisoner in solitary confinement did not violate his Fourteenth Amendment rights); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that classification of a prisoner assigning him to a higher security institution did not violate his Fourteenth Amendment rights).

In order to show a violation of the Eighth Amendment based on medical treatment provided in prison, a plaintiff must prove two things. "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was *deliberately indifferent*." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A prison official acts with deliberate indifference . . . only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A plaintiff may prove that a defendant acted with "deliberate indifference" by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. A plaintiff may show "indifference" by the way in which "prison officials deny, delay or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Id.*

A prison physician does *not* violate the Eighth Amendment, however, merely through "an inadvertent or negligent failure to provide adequate medical care." *Id.* (internal quotation marks omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Moreover, supervising

3

personnel are not generally liable under 42 U.S.C. § 1983 for the violations of those who work for them. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In order to show a violation of a First Amendment right through retaliation, five elements must be shown: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Under these principles, plaintiff's complaint does not state a claim against any of the named defendants except possibly Correctional Officer McGill. Plaintiff states that Correctional Officer McGill conducted a retaliatory search of plaintiff's cell in response to plaintiff's successful defense against a disciplinary charge entered by defendant McGill. This allegation, if construed in the light most favorable to plaintiff, may be sufficient to state a First Amendment claim against defendant McGill. (This is not to say, however, that plaintiff would prevail on this claim.) But the allegation does not support all the claims listed in the complaint against defendant McGill. For example, the complaint alleges that defendant McGill also violated plaintiff's Eighth Amendment rights. The claim that defendant McGill conducted a retaliatory search of plaintiff's cell does not establish any link between that search and an Eighth Amendment violation. *See id.* at 988.

The complaint fails to state claims against the other named defendants. Plaintiff states that defendant Pazos violated plaintiff's First Amendment rights by falsifying an appeals process document. Plaintiff has not shown a link between defendant Pazos' conduct and the injury to plaintiff's First Amendment rights. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004). Plaintiff's complaint does not contain anything beyond bare allegations of constitutional violations with regard to the other named defendants. The complaint "fails to

4

identify what role, if any, each individual defendant had" in the constitutional violations alleged. *Id.* at 966. It therefore appears that if plaintiff decides to proceed with his case, the court would have to dismiss his claims against all defendants other than perhaps McGill. Plaintiff would be entitled, however, to ask the court for leave to amend his complaint to include both the original allegations and additional allegations against the other named defendants. These allegations would have to describe (a) how each defendant violated plaintiff's constitutional rights and (b) the connection or link between each defendant's action and the plaintiff's injuries. *See id.* at 966-67.

If plaintiff wishes to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. Because an amended complaint supersedes the original complaint, the amended complaint must sufficiently state each claim and the involvement of each defendant. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, it is ORDERED as follows:

1. Plaintiff's petition to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to its being refiled within 30 days from the date of this order.

2. If plaintiff, within 30 days from the date of this order, submits a new, properly completed application to proceed in forma pauperis, including a certified inmate account statement showing his funds for the period of February 21, 2008, through August 21, 2008 this action will be reinstated, and the plaintiff's petition will be granted.

3. The Clerk of the Court is directed to send plaintiff an Application to Proceed in Forma Pauperis By a Prisoner for use in a civil rights action.

DATED: April 3, 2009

/s/ Raymond C. Fisher
Raymond C. Fisher,

UNITED STATES CIRCUIT JUDGE
Sitting by Designation