UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,
        Plaintiff,

        v.

M.T.A. SPINKS, et al.,

        Defendants.

_____

No. 2:08-CV-1970-RCF

ORDER GRANTING REQUEST TO
PROCEED IN FORMA PAUPERIS
AND SCREENING COMPLAINT
UNDER 28 U.S.C. § 1915A

**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND
SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A**

Plaintiff Cleo Westerfield is a state prisoner proceeding pro se.  He seeks relief pursuant

to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

§ 1915.

I. Request to Proceed In Forma Pauperis

Mr. Westerfield has submitted a declaration that substantially complies with the

requirements of 28 U.S.C. § 1915(a).  *See* Docket No. 3.  Accordingly, his request to proceed in

forma pauperis is granted.

Mr. Westerfield is required to pay the statutory filing fee of $350.00 for this action.  28

U.S.C. §§ 1914(a), 1915(b)(1).  Going forward, Mr. Westerfield will be obligated for monthly

payments of 20 percent of the preceding month's income credited to his prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in his account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

II.  Screening of Complaint

Under 28 U.S.C. § 1915A, the court must "review, before docketing . . . or . . . as soon as

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

1

1    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

2    "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the

3    complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which

4    relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

5    relief."  28 U.S.C. §1915A(b).  Pro se pleadings are liberally construed.  *See Balistreri v.*

6    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  This Court must therefore determine

7    whether Mr. Westerfield's complaint states a cognizable claim for relief with respect to each

8    named defendant.

9         The Court has reviewed Mr. Westerfield's complaint and determined that it does not state

10   any cognizable claims for relief.  First, Mr. Westerfield's complaint describes the specific facts

11   giving rise to his claims *only* as to Defendant Pazos and Defendant McGill.  Although Mr.

12   Westerfield names other defendants, he does not give those defendants notice of the grounds

13   upon which his claim rests.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Mr.

14   Westerfield must show that each defendant named in the complaint committed conduct which

15   deprived plaintiff of a federal right.  *See Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007).

16   In order to do so, Mr. Westerfield must allege *specific facts* as to each defendant, and not state

17   that a defendant has violated his rights in the abstract.

18        Mr. Westerfield claims that Defendant Pazos violated his First Amendment rights by

19   falsifying an appeals process document.  Plaintiff has not shown a link between defendant Pazos'

20   conduct and the injury to plaintiff's First Amendment rights.  *See Kwai Fun Wong v. United*

21   *States*, 373 F.3d 952, 966-67 (9th Cir. 2004).

22        Mr. Westerfield claims that Defendant McGill violated his First Amendment rights by

23   conducting a retaliatory cell search.  In order to show a violation of a First Amendment right

24   through retaliation, five elements must be shown: "(1) An assertion that a state actor took some

25   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

26   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

1    not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-

2    68 (9th Cir. 2005).  Mr. Westerfield did not claim that Defendant McGill's cell search did not

3    reasonably advance a legitimate correctional goal.

4         Because Mr. Westerfield's complaint fails to allege legally sufficient facts to state a

5    cognizable constitutional claim against any defendant, his complaint is dismissed without

6    prejudice to Mr. Westerfield filing an amended complaint within 30 days of this order that states

7    cognizable claims against the particular defendant(s) he claims violated his constitutional rights.

8                                              ***

9         Accordingly, for the reasons above, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  No

12   initial partial filing fee will be assessed.  The Director of the California Department of

13   Corrections or his designee, however, shall collect payments from plaintiff's prison trust account

14   in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust

15   account and shall forward those payments to the Clerk of the Court each time the amount in the

16   account exceeds $10.00,  in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has

17   been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified

18   by the name and number assigned to this action.

19        3.  Plaintiff's complaint is DISMISSED without prejudice as to all defendants.  Plaintiff

20   is granted 30 days from the date of this order to file an amended complaint asserting cognizable

21   claims for relief.

22

23   DATED: June 12, 2009

24

25                                        /s/ Raymond C. Fisher
                                          Raymond C. Fisher,
26                                        United States Circuit Judge

                                            3

1   Sitting by Designation

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26