UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,

    Plaintiff,

v.

M.T.A. SPINKS, *et al.*,

    Defendants.

No. 2:08-CV-1970-RCF

ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A AND CLOSING MOTIONS

### **ORDER CLOSING MOTIONS**

Plaintiff Cleo Westerfield is a pro se state prisoner proceeding in forma pauperis. He seeks relief pursuant to several common law torts, as well as California Government Code section 815.6. Plaintiff also hints at claims brought pursuant to section 1983.

<u>I.  Screening of the Complaint</u>

A court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings are liberally construed. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This Court must therefore determine whether Westerfield's complaint states a cognizable claim for relief with respect to each named defendant.

The Court has reviewed Westerfield's complaint and determined that it does not state any cognizable claims for relief. First, Westerfield's complaint describes the specific facts giving rise to his claims *only* as to Defendant Spinks. Although Westerfield names other defendants, he does

not give those defendants notice of the grounds upon which his claim rests. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Westerfield must show that each defendant named in the complaint committed conduct that deprived plaintiff of a federal right. *See Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007). In order to do so, Westerfield must allege *specific facts* as to each defendant and not simply allege that a defendant has violated his rights.

Second, Westerfield has failed to state a claim under federal law against defendant Spinks. Although 42 U.S.C. § 1983 is not listed among Westerfield's causes of action, *see* Am. Complaint ¶¶ 42-55, Westerfield does describe his suit as alleging "United States Constitution violations" and as "based on both Federal and State law." Liberally construed, Westerfield's complaint alleges an Eighth Amendment violation. A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "The inmates must demonstrate that they were confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

Westerfield has alleged that Spinks was the lead medical staff member on duty at the California state prison at Sacramento on September 23, 2006, when Westerfield had a heart attack. Am. Complaint ¶ 6. Westerfield simply alleges,

> On September 23 2006, I had a heart attack, I was left for dead by MTA Spinks, this state empl[oy]ee went home, and left me to die. I was having what is known as a my[o]cardial infarction, I was suffering and nobody took it serious enough, I la[i]d on the floor in the mist of a life threatening heart attack. . . I was rushed to the hospital via ambulance[.]"

*Id.* ¶ 17. Westerfield then received extensive medical treatment at Mercy San Juan hospital. *See id.*

Westerfields' allegations are both inadequate and implausible. Although ignoring an individual suffering a heart attack creates a condition posing a risk of serious harm, Westerfield

2

does not offer any allegations concerning Spinks' knowledge of the danger or how he was brought to a hospital if he was being ignored. "A conclusory allegation to the effect that [Spinks] knew that [Westerfield] had a heart attack is insufficient. [Westerfield] must allege specific facts 'plausibly showing' that [Spinks] had the requisite mental state." *Brown v. Lewis*, No. 2:07-cv-2433, 2009 WL 1530681, at *1 (E.D. Cal. June 1, 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009)).

Because Westerfield's complaint fails to allege legally sufficient facts to state a cognizable constitutional claim against any defendant, his complaint is dismissed without prejudice to Westerfield filing a second amended complaint within 30 days of this order that states cognizable claims against the particular defendant(s) he claims violated his constitutional rights.[1]

## II. Closing Motions

On May 4, 2009, and July 24, 2009, Westerfield filed three pleadings entitled "Motion for Court to Take Notice." None of these filings is in fact a motion. To the extent that any of the allegations contained in these three filings will help Westerfield to state a claim against Spinks or any other defendant, Westerfield may incorporate them in his second amended complaint.

***

Accordingly, for the reasons above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is DISMISSED without prejudice as to all defendants. Plaintiff is granted 30 days from the date of this order to file a second amended complaint asserting cognizable claims for relief.

2.    The Clerk of the Court is directed to close the three "motions," docket numbers 11, 12, and 19.

DATED: September 15, 2009

---

[1] Absent a constitutional claim, this Court does not have jurisdiction to consider Westerfield's state law claims. Therefore, those claims are not addressed at this time.

1

2          <u>/s/ Raymond C. Fisher</u>
           Raymond C. Fisher,
3          United States Circuit Judge
           Sitting by Designation
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26