UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,

    Plaintiff,

    v.

M.T.A. SPINKS, *et al.*,

    Defendants.

No. 2:08-CV-1970-RCF

<u>ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A AND CLOSING MOTIONS</u>

**<u>ORDER SCREENING COMPLAINT AND CLOSING MOTIONS</u>**

I. Screening of the Complaint

Plaintiff Cleo Westerfield is pro se and proceeding in forma pauperis. In his second amended complaint, he seeks relief pursuant to several common law torts, as well as California Government Code section 815.6. Plaintiff also describes various Eighth Amendment violations, which can be construed as claims under section 1983. Absent a constitutional claim, this Court does not have jurisdiction to consider Westerfield's state law claims. Therefore, the analysis must begin with the alleged Eighth Amendment violations.

A court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings are liberally construed. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This Court must therefore determine whether Mr. Westerfield's complaint states a cognizable claim for relief with respect to each named defendant.

Under *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), an Eighth Amendment claim involves two components: whether there was a sufficiently serious deprivation or infliction of pain, and whether the officials acted with a sufficiently culpable state of mind. In the medical treatment context, a public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The Court has reviewed Westerfield's complaint and determined that it does not state any cognizable claims for relief.

With regard to Defendant Spinks, the Court dismissed Westerfield's first amended complaint because his allegations were both inadequate and implausible, as Westerfield did not offer any allegations concerning Spinks' knowledge of the danger or how he was brought to a hospital if he was being ignored. In his second amended complaint, Westerfield includes more specific facts about Spinks' alleged response to his heart attack. However, Westerfield's description of the event not only still fails to state a claim, but actually supports the conclusion that Spinks lacked the requisite mental state. Specifically, Westerfield writes that Spinks "showed a culpable state of mind, based on the fact that while the plaintiff lay on the floor, she was threatening to write the plaintiff up for manipulation, she felt the plaintiff . . . was faking chest pains." 2d Am. Compl. at 30. He goes on to add that Spinks "openly denied to help the plaintiff stating it was time for her to go[] home and there was nothing wrong with this inmate." *Id.* at 31. According to Westerfield's account, Spinks believed he was faking the heart attack, and she therefore could not have acted with "deliberate indifference" toward his serious illness. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Westerfield also alleges Eighth Amendment violations by various medical personnel and correctional officers. He alleges that Doctors Borges, Dassah, Penner and Peterson, as well as registered nurses Nicholis and Pazos, failed in various ways to provide him with adequate

medical treatment. Because he has again failed to allege facts showing the requisite mental state, he has not stated a cognizable constitutional claim against them. *See id.*

Westerfield further alleges that correctional officers Gomez, Harmon, Machado, Mcgil and Wenker mistreated or harassed him in various ways. For some of these claims, Westerfield arguably alleges a sufficiently culpable mental state; for others, he does not. But all of these claims fail to meet *Wilson*'s first prong because they do not involve sufficiently serious deprivations or inflictions of pain. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that verbal threats and harassment generally do not support an Eighth Amendment claim), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Because Westerfield's complaint again fails to allege legally sufficient facts to state a cognizable constitutional claim against any defendant, and this Court otherwise does not have supplemental jurisdiction over his state law claims, and because he has already had two opportunities to amend, his complaint is dismissed with prejudice.

## II. Closing Motions

On February 1, 2010, Westerfield filed a pleading entitled "Requesting To Be Informed About the Release of the Non-Violent Inmates." This motion is irrelevant to the present action and therefore is denied.

\*\*\*

Accordingly, for the reasons above, IT IS HEREBY ORDERED that Plaintiff's second amended complaint is DISMISSED with prejudice as to all defendants. The Clerk of the Court is directed to close Westerfield's motion (docket number 24) and to close this case.

DATED: February 9, 2010

/s/ Raymond C. Fisher
Raymond C. Fisher,
United States Circuit Judge
Sitting by Designation